50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Wayne MEANS, Defendant-Appellant.
 No. 94-16270.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1995.*
Decided March 23, 1995.
 
 Before: GOODWIN, TANG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Wayne Means appeals pro se the denial of his petition for relief under 28 U.S.C. Sec. 2255, in which he asserted that he had been denied effective assistance of counsel in his trial. We affirm.
 
 
 3
 Means was convicted in a jury trial of violating 18 U.S.C. Sec. 2314 (interstate transportation of stolen checks) and sentenced to six months in prison and six months in community confinement, three years supervised release and ordered to make restitution in the sum of $8,772.20. He appealed and this court affirmed the conviction in all respects but remanded the case for resentencing because of a numerical error in the amount of restitution.
 
 
 4
 Means availed himself of the return to district court by filing a petition for post conviction review of his conviction. His petition asserted a variety of deficiencies in his counsel's representation. The trial judge, who had presided over the trial of conviction, corrected the sentence by reducing the restitution to the victimized bank to $6,903.42 (deleting a check that had been included by mistake in the presentence report, when it had not been received in evidence). The court then denied the petition for post conviction relief without an evidentiary hearing because the petition failed to allege facts showing ineffective assistance under either requirement of Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 5
 To establish a claim of ineffective assistance a petitioner whose conviction has been upheld on appeal must show: (1) that the defense counsel's performance was so seriously deficient that counsel was not functioning as the 'counsel' guaranteed by the constitution; and (2) prejudice flowing from the alleged ineffective assistance. To allege triable issues of fact the petitioner must allege facts which, if true, would satisfy both requirements of Strickland: ineffective assistance and prejudice.
 
 
 6
 The trial judge examined the allegations of the petition, and while some of them represented differences of opinion between Means and his attorney none revealed errors of representation that fell below the Strickland standard, and none revealed a likely cause, other than the very substantial evidence put on by the government, for the jury's verdict. Satisfied that the allegations failed to show even a possibility of prejudice, the trial judge denied both the request for an evidentiary hearing and the relief prayed in the petition.
 
 
 7
 The trial court's careful examination of the petition and review of the record reveals close attention to all of the claims in the petition. We agree with the trial court's conclusion that the defense afforded by counsel satisfied the Strickland test and that no useful purpose would have been served by an evidentiary hearing.
 
 
 8
 For example, petitioner claims that he was denied the right to testify in his own defense. There is no evidence that either his counsel or the court said or did anything to deter Means from testifying, had he wanted to do so. His counsel did not think it was a good idea, and so advised him. But the choice was his. He now attempts to construct a theory that the reason he did not take the stand was because his counsel, in an effort to discover and challenge potential jurors who might reveal prejudice against a man who speaks with a high-pitched voice, asked the judge to inquire on voir dire whether any juror would have trouble believing a defendant who spoke with a high-pitched voice. The judge asked a general question on voir dire whether any juror would have difficulty giving fair consideration of the defendant's evidence if the defendant spoke with an unusually high voice. No juror admitted any such prejudice, but Means elected not to testify.
 
 
 9
 Whatever may be the value of this speculation after the fact in helping Means rationalize his conviction, there is no reason to believe that the court's voir dire questions about the impact on a juror of Mean's unusual voice created a predisposition on the part of one or more jurors to convict an innocent man. His attorney made a strategic decision to bring up the subject of possible prejudice on voir dire. This decision, even if wrong, was not a Strickland violation. Moreover, there is no reason to believe that Means ever really wanted to take the stand and subject himself to cross examination. The trial judge correctly decided that nothing in the voir dire "denied" Means the right to take the stand, had he wished to do so. Legal advice not to testify infringes no right. Lema v. United States, 987 F.2d 48, 52 (1st Cir.1993).
 
 
 10
 We have carefully combed the pro se filings, including Means' speedy trial argument and find nothing to justify setting aside the challenged conviction.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3